UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | |
|---|---|
| LUSHER STREET REMEDIATION GROUP, ) <br> ) <br> Plaintiff, ) <br> ) <br> v. ) <br> ) <br> NEW HAMPSHIRE INSURANCE ) <br> COMPANY, <br> LEXINGTON INSURANCE COMPANY, ) <br> GODFREY CONVEYOR, ) <br> ) <br> Defendants. ) | No. 1:20-cv-02834-SEB-DLP |

**ORDER**

This declaratory judgment action was removed from state court to our court on November 2, 2020, purportedly on the basis of our diversity jurisdiction. Following removal, the parties have litigated the issue of whether our court has subject matter jurisdiction to adjudicate the claims presented: believing we do not have jurisdiction, Plaintiff Lusher Street Remediation Group has moved to remand this dispute; to satisfy the diversity of citizenship requirements Defendants New Hampshire Insurance Company and Lexington Insurance Company have moved to realign non-diverse defendant Godfrey Conveyor as a Plaintiff. Plaintiff also seeks to recover its attorneys' fees and costs incurred in litigating the pending motions, contending that there was no objectively reasonable basis for removal.

For the reason's set forth herein, Defendants' Motion for Realignment is **granted**. Plaintiff's Motion to Remand is **denied**, and its Motion for Attorneys' Fees is also **denied**.

**Background**

This litigation arises from an insurance coverage dispute relating to the environmental contamination clean-up of a superfund site undergoing remediation by Plaintiff Lusher Street Remediation Group ("Lusher"). Lusher's Complaint, filed in the Marion Superior Court (Indiana), specifically alleges that Defendants New Hampshire Insurance Company ("New Hampshire") and Lexington Insurance Company ("Lexington") (collectively, "Defendant Insurers," unless context requires otherwise) issued insurance policies to Defendant Godfrey Conveyer, which provide coverage for environmental liabilities relating to the "Lusher Street Ground Water Contamination Superfund Site" (the "Site"), located in Elkhart, Indiana. Lusher's Complaint further asserts that it will incur significant costs related to the investigation and cleanup of contamination at the Site that was caused by Godfrey Conveyer for which Defendant Insurers have an obligation to indemnify Godfrey Conveyor.

Lusher's Complaint does not allege any claim in this lawsuit for relief against Godfrey Conveyer. Instead, Lusher has initiated a separate environmental cost recovery action against Godfrey Conveyor (and others) in our sister district, the Northern District of Indiana.[1] *See Lusher Site Remediation Group v. Nat'l Fire Insurance Co. of Hartford, et al.*, 3:18-cv-000506 (the "Environmental Litigation"). Lusher has nonetheless named

---

[1] On August 21, 2020, the court in the Environmental Litigation issued an order, which, in part, dismissed Lusher's CERCLA claims against Godfrey Conveyor (as well as other defendants). [Dkt. 252]. Having dismissed Lusher's federal claims, the Northern District of Indiana relinquished jurisdiction over Lusher's state law claims. [*Id.*]. Lusher promptly filed a motion to correct error. [Dkt. 255].That motion was granted, in part, and Lusher's CERCLA claim against Godfrey Conveyor was reinstated. [Dkt. 279]. This litigation remains pending in that district.

Godfrey Conveyor as a defendant in this action "because it has an interest in the insurance policies implicated" at issue here. [Dkt. 1, at 3].

On November 2, 2020, the Defendant Insurers removed this declaratory judgment action to our court.[2] In their Notice of Removal, the Defendant Insurers conceded that complete diversity does not exist between Plaintiff Lusher and all defendants, pointing out that Lusher and Defendant Godfrey Conveyor are both citizens of Indiana. The Defendant Insurers nonetheless maintain that the requirements of diversity jurisdiction are satisfied because Godfrey Conveyor is a nominal defendant and therefore its citizenship need not be factored in to a determination of whether complete diversity exists between the parties. Even if Godfrey Conveyor were not a nominal party, the Defendant Insurers argue that complete diversity can be established by realigning Godfrey Conveyor as a plaintiff, which, according to the Defendant Insurers, reflects Godfrey Conveyor's proper role in this litigation. Accordingly, the Defendant Insurers indicated in their Notice of Removal their intention to file a motion for the realignment of have Godfrey Conveyor as a plaintiff.

The Defendant Insurers have filed that motion, which Lusher has opposed, seeking to have this action remanded to state court according to its Motion to Remand. We address the parties' competing motions in turn below.

---

[2] This action was timely removed within thirty days of service.

## Analysis

The federal removal statute, 28 U.S.C. § 1441(a), "permits a defendant to remove a civil action from state court when a district court has original jurisdiction over the action." *Micrometl Corp. v. Tranzact Techs., Inc*., 656 F.3d 467, 470 (7th Cir. 2011). It is a defendant's burden to establish jurisdiction when removing a case. *Arnold v. Miller*, No. 08–cv–00234–DRH, 2008 WL 2323851, at *1 (S.D.Ill. June 3, 2008). "Courts should interpret the removal statute narrowly and presume that the plaintiff may choose his or her forum." *Doe v. Allied-Signal, Inc*., 985 F.2d 908, 911 (7th Cir. 1993) (citations omitted). Therefore, in deciding whether to remand a case, courts "must resolve any doubts about jurisdiction in favor of remand." *D.C. v. Abbot Labs. Inc*., 323 F. Supp. 3d 991, 993 (N.D. Ill. 2018) (*citing Schur v. L.A. Weight Loss Ctrs., Inc*., 577 F.3d 752, 758 (7th Cir. 2009)).

Two issues infuse the parties' motions: whether Godfrey Conveyor is a nominal defendant and whether Godfrey Conveyor should be realigned as a plaintiff. An affirmative resolution of either question will permit this action to remain on our docket for resolution.

### I.     Godfrey Conveyor Is Not a Nominal Party

In the Notice of Removal, Defendant Insurers contend that Defendant Godfrey is a nominal party and therefore its citizenship may be tabled in determining whether complete diversity exists between the real parties in interest on the respective sides of this dispute. Lusher maintains that Godfrey Conveyor is not a nominal party and that remand of this matter to state court is required.

A defendant is nominal "when there is no reasonable basis for predicting that it will be held liable." *Visteon Corp. v. Nat'l Union Fire Ins. Co. of Pittsburgh, Pa*, 2011 WL 6046272, at *2 (S.D. Ind. Oct. 13, 2011), *report and recommendation adopted*, 2011 WL 6043008 (S.D. Ind. Dec. 5, 2011). A party is considered "nominal" if it "has no interest in the subject matter litigated." *Id.* The party's "relation to the suit is merely incidental and . . . of no moment to him whether the one or the other side in the controversy succeeds." *Id.*; *See also Am. Country Ins. Co. v. Turner Const. Co*., 2002 WL 507128, at *3 (N.D. Ill. Apr. 3, 2002). In assessing whether a party is nominal, we ask whether the party's relation to the present suit is incidental, that is, whether "it is of no moment to him whether the one or the other side in the controversy succeeds." *Am. Country Ins. Co.,* 2002 WL 507128, at *3 (*quoting Securities & Exchange Comm. v. Cherif*, 933 F. 2d 403, 414 (7th Cir. 1991); *see also Visteon Corp,* 2011 WL 6046272, at *2, 2011 WL 6043008 (explaining that a party is nominal if "he or she is not a real party in interest . . . because he has no interest in the subject matter litigated."). "[T]he citizenship of such [nominal] defendants may be disregarded for diversity jurisdiction." *Dalton v. Teva N. Am*., 891 F.3d 687, 690, 2018 WL 2470634 (7th Cir. 2018); *Golin v. Neptune Mgmt. Corp*., 704 Fed. Appx. 591, 594 (7th Cir. 2017) ("It is true that a purely nominal party does not affect diversity jurisdiction.").

We have no difficulty concluding Godfrey Conveyor does not fit the description of a nominal party.[3] Godfrey Conveyor is an insured party, possessing an interest in whether

---

[3] Lusher states in its Motion to Remand that "if the Court determines that Godfrey [Conveyor] is a nominal party, the Group hereby notices dismissal of this case without prejudice pursuant to

its insurer has a duty to indemnify it for any judgment entered against it in the underlying litigation. *Worley v. Fender*, 2014 WL 222723, at *5 (S.D. Ill. Jan. 21, 2014) (holding that defendant-insured was not nominal party in declaratory judgment action initiated by the injured party against the insurer); *see also Visteon Corp,* 2011 WL 6046272, at *2, 2011 WL 6043008; *Am. Country Ins*., 2002 WL 507128, at *2. Such an interest is real and immediate and as such disqualifies Godfrey Conveyor from being deemed a nominal party. *See generally id.*

The Defendant Insurers' rebuttal to this issue is sparse, contending that because Lusher has asserted no claim against Godfrey Conveyor, then Godfrey Conveyor is properly to be considered a nominal defendant. This narrow view of who qualifies as a nominal defendant does not comport with the case law from our circuit. *See id.* Defendant Insurers actually have focused their briefing on the claim that Godfrey Conveyor *does*, in fact, have an interest in this litigation, but that that interest aligns with the interests of Lusher. We review that issue next.

---

FED. R. CIV. P. 41(a)(1)(A)(i)." [Dkt. 10, at 2]. Having determined that Godfrey Conveyor is not a nominal party, this request is denied as moot. Moreover, Rule 41(a)(1)(A)(i) affords plaintiffs the right to dismiss their complaints without prejudice prior to the filing of an answer or summary judgment motion. Though Lusher certainly would be entitled to dismiss this action prior to the filing of the Defendant Insurers' answers, it did not file a notice of dismissal, and we know of no case (nor has Lusher directed us to any case) where a plaintiff was entitled to condition its notice of dismissal on an adverse ruling.

## II.     Realignment of Godfrey Conveyor is Appropriate

Having determined that Godfrey Conveyor is not a nominal party, diversity jurisdiction may nonetheless be established if Godfrey Conveyor were subject to realignment as a plaintiff. *Wolf v. Kennelly*, 574 F.3d 406, 412 (7th Cir. 2009).

When determining whether federal diversity jurisdiction exists, we have an independent duty to "look beyond the pleadings and to arrange the parties according to their true sides in the dispute." *City of Indianapolis v. Chase National Bank*, 314 U.S. 63, 69, 62 S.Ct. 15, 86 L.Ed. 47 (1941). "The propriety of alignment is a matter not to be determined by mechanical rules, but by pragmatic review of the principal purpose of the action and the controlling matter in dispute." *American Motorists Ins. Co.,* 657 F.2d at 149. In identifying the controlling matter, courts are directed to ignore "incidental" issues that serve as "window-dressing designed to satisfy the requirements of diversity jurisdiction." *City of Indianapolis v. Chase National Bank,* 314 U.S. 63, 72–73, 62 S.Ct. 15, 86 L.Ed. 47 (1941). This requires an examination of the parties' real interests in the controlling matter in dispute and not to their respective placement in the caption of the pleadings.

Defendant Insurers contend that Godfrey Conveyor's "real interest" in this suit aligns with that of Lusher. Thus, Lusher should be realigned as a plaintiff, which would have the effect of curing the jurisdictional defect otherwise present here. Such a realignment would be proper, however, only if the court finds "that no actual, substantial controversy exists between the parties on one side of the dispute and the named opponents." *Veenstra*, 2013 WL 1499157, at *2 (*citing Indianapolis v. Chase Nat'l Bank*

*of City of New York*, 314 U.S. at 69–70; *American Motorists Ins. Co.*, 657 F.2d at 149. "It is 'undoubtedly improper' to realign parties for the purpose of preserving jurisdiction if 'an actual, substantial controversy exists between a party on one side of the dispute and its named opponent.'" *Wolf*, 574 F. 3d at 412 (internal quotations omitted).

     Defendant Insurers maintain that no actual, substantial controversy exists between Lusher and Godfrey Conveyor. Lusher has alleged no cause of action against Godfrey Conveyor in this coverage action, claiming only that the Defendant Insurers issued insurance policies to Godfrey Conveyor according to which the insurers have an obligation to indemnify Godfrey Conveyor with respect to Godfrey Conveyor's alleged environmental liabilities at the Site. Godfrey Conveyor's interests are thus aligned directly with those of Lusher, given that Godfrey Conveyor will benefit from a finding that there is coverage under the policies for its environmental liabilities. By naming Godfrey Conveyor as a defendant in this case, Lusher misaligned the parties, according to the Defendant Insurers. Godfrey Conveyor should instead be a co-plaintiff with Lusher. The Defendant Insurers therefore request that we realign Godfrey Conveyor based upon its true legal interest in the proceedings and find that diversity jurisdiction exists based on this realignment.

     Defendant Insurers' description of Godfrey Conveyor's interest in this litigation is consistent with the case law of this Circuit. As the Seventh Circuit has explained, "[T]he normal alignment of parties in a suit seeking a declaratory judgment of non-coverage is Insurer versus Insured and Injured Party." *Home Ins. Co. of Illinois v. Adco Oil Co.*, 154 F.3d 739, 741 (7th Cir. 1998) (explaining that district court erred in aligning insured with

insurer rather than with injured party). This rule has been widely accepted and applied by the district courts within our circuit. The reasoning for aligning the parties in this fashion in declaratory judgment actions is plain: the only controversy in such cases is whether the insured's insurance policies with the insurers cover claims arising from the injured party's underlying complaint. A finding of coverage would relieve the insured of having to pay at least a portion of the judgment and would assure that the injured party would be able to collect any such judgment. Accordingly, "any finding that the insurers owe a duty to indemnify [the insured] is mutually beneficial to [the insured] and [the injured party]" and does not amount to a controversy between the insured and the injured party. *Visteon Corp.*, 2011 WL 6046272, at *5; *see, e.g. Truck Ins. Exch. v. Ashland Oil, Inc.*, 951 F.2d 787, 788, 1992 WL 1106 (7th Cir. 1992) (explaining that, while victim is in opposition to the insured and its insurer in an underlying action to determine liability, the victim's interests are aligned with the insured in a declaratory judgment action); *Ferraro v. Humphrey, 2015 WL 685886*, at *4 (N.D. Ind. Feb. 18, 2015) ("[The insured's] interests are aligned with the Plaintiff's interest. It is in [the insured's] interest for the proceeds of the insurance policy to satisfy as much of the judgment against [him] as possible."); *id.* ("[The insured] could have brought an action seeking a declaratory judgment that the proceeds of the insurance policy be used to satisfy the judgment against him, and this fact provides further support that he should be realigned with the plaintiff[.]"); *Grinnell Select Ins. Co. v. Glodo*, 2009 WL 455126, at *2 (S.D. Ill. Feb. 23, 2009) ("[T]here is no question that [the insured's] interests align with those of [the injured party] . . . This is so because any finding that the insurer owes a duty to indemnify the insured mutually

benefits the insured party and the injured party. The insured party is relieved of having to pay the judgment out of his own pocket . . . [T]he injured party is assured that he will be able to collect at least a portion of the judgment owed him.") *Davis v. Carey*, 149 F. Supp. 2d 593, 596, 2001 WL 721742 (S.D. Ind. 2001) (finding no actual or substantial controversy between insured and injured party in declaratory judgment action because it was in the insured's interest to have his insurance company provide coverage). *See also R.C. Wegman Const. Co.*, 629 F.3d at 726 (noting that insured's interest in a declaratory judgment action aligns with the injured party's interest).

In the present case, the proper alignment is Lusher (the injured party) and Godfrey Conveyor (the insured) on one side of the dispute and the Defendant Insurers on the opposing side. Such a realignment is consistent with the reasoning set forth by the case law within our circuit and reflects the parties' true interests in this litigation. The only legal issue in this declaratory judgment action is whether the Defendant Insurers' policies cover Lusher's environmental contamination claims against Godfrey Conveyor as alleged in the Environmental Litigation. Consequently, any finding that the Insurers owe a duty to indemnify Godfrey Conveyor is mutually beneficial to both Lusher and Godfrey Conveyor and does not amount to a controversy. *See, e.g.*, *Ferraro,* 2015 WL 685886, at *4 (N.D. Ind. Feb. 18, 2015) (realigning insured to be on the same side of the dispute as the victim in a declaratory judgment action relating the insurer's duty to indemnify); *Visteon Corp.*, 2011 WL 6046272, at *5, (same); *Grinnell Select Ins. Co.*, 2009 WL 455126, at *2 (same); *Davis*, 149 F. Supp. 2d at 596 (same).

Lusher's arguments against realignment are unpersuasive. Lusher argues, for example, that substantial antagonism exists between itself and Godfrey Conveyor because they do not agree as to whether Godfrey Conveyor is liable for the underlying environmental damage at the Site. However, their dispute over liability is not one "before this Court and is not a part of this case." *Visteon Corp.*, 2011 WL 6046272 at *6. As we have noted, those issues pend in the Northern District and are based on other distinct legal issues. Lusher has not identified an actual and substantial controversy between itself and Godfrey Coneyor in *this case* that would preclude realignment. *Id.*[4]

Further, the cases cited by Lusher in support of its contention that disputes in the underlying litigation create a controversy in the ancillary declaratory judgment litigation are obviously distinguishable in that the declaratory judgment actions involved disputes over the duty to defend, which is not at issue here. *See e.g.*, *Nath v. Lexington Ins. Co.*, 2017 WL 4276642, at *2 (C.D. Ill. Sept. 11, 2017), *report and recommendation adopted*, 2017 WL 4270625 (C.D. Ill. Sept. 26, 2017) ("[T]he alignment changes in a duty to defend case."); *Banasiak v. Admiral Ins. Co.*, 2015 WL 7016358, at *2 (N.D. Ind. Nov. 10, 2015) ("[T]he present suit is Plaintiff's attempt to gain a defense from Admiral with which to defeat Meuhlman's claim . . . The duty to defend creates a point of significant

---

[4] Lusher also asserts that Godfrey Conveyor is a "defunct improperly-dissolved corporation," whose remaining asset is its insurance policy. Because Lusher is seeking to diminish the importance or value of this asset, it maintains that its interest are adverse to Godfrey Conveyor. Lusher cites no case law authority in support this proposition, nor does it provide any explanation as to how the policy would be "diminished" if Lusher obtained a declaration of coverage,  or how this creates a controversy between Lusher and Godfrey Conveyor in this action. This contention is at best underdeveloped and ultimately unpersuasive.

controversy between Meuhlman and Plaintiff, and there is an actual, substantial conflict between the two parties."); *Preferred Chiropractic, LLC v. Hartford Cas. Ins. Co.*, 2011 WL 2149091, at *3 (S.D. Ill. May 31, 2011) (concluding that while the normal alignment in declaratory judgment suits is the insured and injured parties against the insurer, a claim regarding "a duty to defend is different" and presents a conflict that prevents realignment). *See also Catlin Indemnity Company, v. Goeke*, 2018 WL 2207118, at *3 (C.D. Ill. May 14, 2018) (explaining that in declaratory judgment actions where the duty to defend is at issue, the insured and the victim have adverse interests because the provision of a defense may impede the victim's interest in obtaining a large judgement).

To the extent Lusher contends that the realignment is not proper here because a judgment has not yet been secured against Godfrey and therefore a controversy persists between them, this specific argument has previously been rejected by our court in a prior case with facts comparable to those presented here. *Visteon Corp.*, 2011 WL 6046272, at *6 ("[I]t is irrelevant whether a judgment has been entered. Such a distinction does not affect jurisdiction and does not impact the Court's actual and substantial conflict analysis."); *see also Catlin*, 2018 WL 2207118, at *3.

Accordingly, for the reasons explicated above, we hold that Godfrey Conveyor should be realigned as a plaintiff in this litigation. Pursuant to said realignment, this case satisfies the requirements of diversity jurisdiction given that all plaintiffs are now diverse from all defendants, and the amount in controversy exceeds $75,000, exclusive of costs and interest.

### III. This Case Is Ripe Under the Declaratory Judgment Act

Lusher wages one final attack on our subject matter jurisdiction, contending that this matter is not ripe under the Declaratory Judgment Act because final judgment has yet to be entered against Godfrey Conveyor in the Environmental Litigation.

Article III of the United States Constitution limits a federal court's jurisdiction to "actual cases or controversies." *UWM Student Ass'n v. Lovell*, 888 F.3d 854, 860 (7th Cir. 2018). A declaratory judgment action is ripe and justiciable under Article III when "the facts alleged, under all the circumstances, show that there is a substantial controversy, between parties having adverse legal interests, of sufficient immediacy and reality to warrant the issuance of a declaratory judgment." *Amling v. Harrow Indus. LLC*, 943 F.3d 373, 377 (7th Cir. 2019) (*quoting MedImmune, Inc. v. Genentech, Inc.*, 549 U.S. 118, 127 (2007)); *see also Lear Corp. v. Johnson Elec. Holdings Ltd.*, 353 F.3d 580, 583 (7th Cir. 2003) ("Whether a dispute has reached the stage at which a declaratory judgment under 28 U.S.C. § 2201 is appropriate is a question of federal practice.")

Lusher recently advances this same argument in another declaratory judgment action adjudicated by our colleague, the Honorable James R. Sweeney II.[5] *See Lusher Site Remediation Group v. Nat'l Fire. Ins.* Co, 1:18-cv-3785-JRS-DLP. Relying on the

---

[5] This declaratory judgment action also relates to the Environmental Litigation pending in the Northern District of Indiana. In that litigation, Lusher seeks to hold not only Godfrey Conveyor liable for the environmental contamination at the Lusher site, but other parties including Sturgis Iron & Metal Co., Inc. ("Sturgis"). Judge Sweeney's case concerned Lusher's attempt to secure an order that Sturgis's insurer has a duty to indemnify Sturgis, which, like Godfrey Conveyor, is a defunct corporation.

Seventh Circuit's decision in *Bankers Trust Co. v. Old Republic Ins. Co.*, 959 F.2d 677, 680 (7th Cir. 1992), Judge Sweeney rejected Lusher's argument on facts nearly identical to those presented here. Judge Sweeney explained:

> In *Bankers Trust*, the Seventh Circuit held that an actual controversy existed between a third-party claimant and an insurer regarding the insurer's duty to indemnify the insured even though the insured's underlying liability had not yet been determined. *Id*. at 681. The court stated that "Article III requires only a 'probabilistic injury'" and found a sufficient probability that the insured would be held liable for an amount that it could not afford. *Id.* The possibility that the insured would have no underlying liability and the claimant's suit for a declaration of a duty to indemnify would become moot did not "take[ ] the case out of Article III's grant of jurisdiction over cases and controversies." *Id.*
>
> As in *Bankers Trust*, the Group has demonstrated a "probabilistic injury." The Group seeks damages from Sturgis in the Environmental Action. Though Sturgis has been dismissed from that action, no final judgment has been entered. The Group intends to appeal the dismissal, and Sturgis ultimately could be found liable for damages it could not pay—Sturgis no longer exists. And the Insurers dispute their liability for indemnification. Therefore, the instant action is ripe. As in *Bankers Trust*, the possibility that Sturgis will have no liability and thus moot the instant action does not remove this case from the Court's jurisdiction. *See id*. This action presents a ripe case or controversy and the Court has subject-matter jurisdiction.
>
> *Lusher Site Remediation Grp. v. Nat'l Fire Ins. Co. of Hartford*, 1:18-cv-3785-

JRS-DLP, 2021 WL 1108686, at *2 (S.D. Ind. Mar. 23, 2021).[6] We also hold that *Bankers Trust* applies with equal force here, adopting the sound reasoning of Judge Sweeney. Accordingly, this action presents a ripe case or controversy, over which our court has subject matter jurisdiction to adjudicate the claims presented.

---

[6] At the time Judge Sweeney issued this ruling, the Northern District of Indiana judge has not yet ruled on Lusher's Motion to Correct Error seeking to reinstate its CERCLA claims. As discussed at the outset, these claims have now been reinstated with respect to Godfrey Conveyor, buttressing our finding that the issues before our court are ripe.

## CONCLUSION

For the reason's stated herein, Lusher's Motion to Remand [Dkt. 10] is **denied,** and the Insurer's Motion for Realignment [Dkt. 13] is **granted.** The Clerk of Court is directed to realign Defendant Godfrey Conveyor as a plaintiff, and the parties are directed in all their future filings in this matter to reflect the realignment imposed here by this Order. Having determined that this matter should not be remanded, Lusher's Motion for Attorneys' Fees [Dkt. 22] is **denied.**

IT IS SO ORDERED.

Date:  8/4/2021

_Sarah Evans Barker_
SARAH EVANS BARKER, JUDGE
United States District Court
Southern District of Indiana

Distribution:

Sean M. Hirschten
PLEWS SHADLEY RACHER & BRAUN LLP
shirschten@psrb.com

Henry T.M. LeFevre-Snee
CLAUSEN MILLER, P.C.
hlefevresnee@clausen.com

Thao Trong Nguyen
PLEWS SHADLEY RACHER & BRAUN LLP
tnguyen@psrb.com

Joanne Rouse Sommers
PLEWS SHADLEY RACHER & BRAUN LLP
jsommers@psrb.com

Mark W. Zimmerman
CLAUSEN MILLER PC
mzimmerman@clausen.com